**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT LOPEZ, et al.,<br><br>Defendants. | Case No. 2:16-cr-00265-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Albert Lopez's motion to suppress evidence (ECF No. 899), filed on August 13, 2018. The government filed a response (ECF No. 1186) on September 27, 2018, and defendant filed a reply (ECF No. 1318) on October 15, 2018.

Defendants Juarez, Palafox, Coleman, Davisson, Perez, Dunlap, move to join the motion to suppress evidence seized at Lopez's home. (ECF Nos. 944, 990, 1015, 1053, 1064, 1109). Juarez and Coleman joined Lopez's reply. (ECF Nos. 1322, 1326).

**I.    BACKGROUND**

On June 14, 2017, a Superseding Criminal Indictment was filed charging defendant Albert Lopez with Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18, United States Code, Section 1962(d) (Count One); Violent Crime in Aid of Racketeering - Murder, in violation of Title 18, United States Code, Section 1959(a)(1) (Count Two); and Using and Carrying a Firearm During and in Relation to a Crime of Violence, Causing Death, in violation of Title 18, United States Code, Sections 924(j)(1) and 2 (Count Three). (Superseding Indictment (ECF No. 13).) The charges arise from allegations that Lopez and his twenty-two codefendants are members of the Vagos Outlaw Motorcycle Gang and engaged in a variety of criminal activity. (*Id.*)

Lopez moves to suppress all evidence seized pursuant to a search warrant of his home because it is based upon false statements and reckless omissions of fact, specifically, that the affidavit relied on information from "SOI-1." Lopez believes that source is Gary Rudnick, a cooperating witness described in the affidavit as a credible source who never provided false or misleading information. Lopez argues there is ample evidence that Rudnick previously committed perjury and lied to law enforcement about information which appears in the search warrant. Accordingly, he requests a *Franks* hearing.[1]

The government responds that Rudnick was not "SOI-1," and therefore the requirements of Franks have not been satisfied, and so no hearing is required. Further, it argues the affidavit is sufficient on its face, and is entitled to deference, and therefore the motion should be denied.

Lopez replies that material facts contained in the affidavit is information uniquely known to Rudnick, and therefore was used by the affiant in the search warrant. Thus, Lopez argues an affidavit should be produced by the affiant indicating whether Rudnick was a source of any of the material facts contained in the affidavit.

## II.   ANALYSIS

### A.   Motion to Suppress

In *Franks v. Delaware*, the Supreme Court established a two-prong test for challenging the sufficiency of a search warrant affidavit. 438 U.S. 154 (1958). The court noted that there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id.* at 155-56. "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). "A hearing

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1958).

will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant, disputed factual issue' exists such that a hearing is required." *United States v. Martin*, 2010 WL 5575323 *7 (D. Nev. Oct. 5, 2010) (citing *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)).

Even if a defendant makes the preliminary showing, that is not enough, standing alone, to entitle a defendant to a *Franks* hearing. A defendant must also show the affidavit would not be sufficient to support a finding of probable cause even if it was purged of its falsities and supplemented by the omissions. *See United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (*citing Franks*, 438 U.S. at 171-72). "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Stanert*, 762 F.2d at 782 (citation omitted). Thus, the judge reviewing a request for a *Franks* hearing must determine whether the affidavit, once corrected, would provide a magistrate with the basis necessary to conclude that probable cause exists. *Id.*

Intentional or reckless omissions may provide a justification for a *Franks* hearing. *See United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007). In *Jawara*, the Ninth Circuit reiterated that a defendant can "challenge a facially valid affidavit by making a substantial preliminary showing that 'the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.'" *Id.* (*citing Stanert*, 762 F.2d at 781 ("By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.")). Omissions are not fatal unless they are made with the intent to deceive the court. *United States v. Nevell*, 58 F. Supp. 2d 1204, 1208 (D. Or. 1999) (citations omitted). As with false statements, a defendant must also show that the affidavit, once corrected, would not provide a substantial basis to conclude probable existed to issue the warrant. *Stanert*, 762 F.2d at 782.

Lopez has not met his burden to demonstrate that he is entitled to a *Franks* hearing. The first requirement for a *Franks* evidentiary hearing is that the defendant make specific allegations that the affidavit contains intentionally or recklessly false statements or misleading omissions.

1  *Craighead*, 239 F.3d at 1080.  Here, Lopez generally alleges the statements of "SOI-1" were
2  actually made by Rudnick, and they are false because, contrary to the affidavit, he has previously
3  provided false or misleading information.  The government indicates, however, that SOI-1 is not
4  Rudnick.[2]  Accepting the government's representation, and absent a non-speculative basis that
5  SOI-1 is Rudnick, the premise for Lopez's argument fails because he cannot show the affidavit
6  contains intentionally or recklessly false statements or misleading omissions.

7  Moreover, even if Rudnick is SOI-1, Lopez did not identify any particular statements in
8  the affidavit which are false and which would undermine the determination of probable cause.
9  The thirty-eight-page search warrant affidavit contains references to numerous undercover and
10  confidential informants and witnesses, and extensive evidence to support the searches of four
11  properties.  Lopez's failure to identify particular false statements make it impossible for the court
12  to assess the sufficiency of the affidavit without the alleged false information, as required by
13  *Franks* and its progeny.

14  The government further argues that for purposes of a *Franks* hearing, a defendant can only
15  challenge the veracity of the affiant, not the veracity of the sources that provided the affiant with
16  information.  The court agrees.  *See United States v. Perdomo*, 800 F.2d 916, 921 (9th Cir. 1986)
17  ("Allegations that statements reported in the affidavit and made to the affiant are false are not
18  sufficient to satisfy the requirements for a *Franks* hearing unless the defendant contends that the
19  affiant has misrepresented the statements made by another.")  The defendant must "offer direct
20  evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons
21  for omitting facts in order to prove deliberate falsehood or reckless disregard." *United States v.*
22  *May*, 2009 WL 1542557 at *9 (D. Nev. May 29, 2009) (quoting *United States v. Souffront*, 338
23  F.3d 809, 822-23 (7th Cir. 2003)).  Because SOI-1 is not Rudnick, Lopez cannot offer evidence
24  regarding the affiant's state of mind.

---

[2] Lopez argues in reply, for the first time, that even if Rudnick is not SOI-1, he was a material source for the affidavit.  The court is unwilling to consider arguments made for the first time on reply.  *See U.S. v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) (arguments raised for the first time on reply generally are considered waived).

Lopez makes no argument that probable cause did not exist to support the search warrant. Probable cause determinations are made by viewing the "totality of the circumstances" set forth in the affidavit. *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Probable cause is a fluid concept not easily reduced to a set of legal rules. *Id.* at 232. Consequently, the task of a magistrate judge is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. A magistrate judge's determination of probable cause is accorded significant deference, *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995), and there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171. Here, there is ample probable cause to support the warrant.

### B. Motions to Join

Defendants Juarez, Palafox, Coleman, Davisson, Perez, and Dunlap move to join the motion to suppress. (ECF Nos. 944, 990, 1015, 1053, 1064, 1109). Juarez and Coleman joined Lopez's reply. (ECF Nos. 1322, 1326). Although the co-defendants seeking joinder claim they are "similarly situated," they fail to provide any further analysis. *See Tatung Co., Ltd v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151-52 (C.D. Cal. 2016) (finding joinder should occur when a movant articulates how and why they are similarly situated to the motion they seek to join such that filing an independent motion would be redundant).

Fourth Amendment rights are personal and may not be vicariously asserted. *Alderman v. United States*, 394 U.S. 165, 174 (1969). To have standing, a person must have a reasonable expectation of privacy in the place searched. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *United States v. Salvucci*, 448 U.S. 83, 86-87 (1980). None of the joinder defendants have asserted that they have an expectation of privacy in Lopez's house. According, the motions for joinder are denied.

///

///

### III. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Albert Lopez' motion to suppress evidence (ECF No. 899) be DENIED.

IT IS FURTHER ORDERED that defendants Juarez, Palafox, Coleman, Davisson, Perez, and Dunlap's motions to join the motion to suppress evidence seized at Lopez's home (ECF Nos. 944, 990, 1015, 1053, 1064, 1109) are DENIED.

IT IS FURTHER ORDERED that defendants Juarez and Coleman's joinders to Lopez's replies (ECF Nos. 1322, 1326) are DENIED.

### IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 10, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE